## MALLORY v. THE TIOGA RAILROAD CO.

### March, 1867.

A foreign corporation cannot avail themselves of the statute of limitations as a defense to an action in the courts of this State.

A letter from A. to B. & Co., and an indorsement thereon by B., relating in direct terms to the letter, bearing the same date, and purporting to be a material and substantial portion of it,—*Held,* to constitute together a contract (the indorsement being carried into the evidence by the intro duction of the letter); and that the terms of it could not be contradicted or varied by parol proof.

If, where there is evidence tending to prove a fact, the judge assume in his charge that the fact was proved, a party objecting to such assump tion must request to have the question submitted to the jury; if he do not, he will be deemed to have acquiesced in it.

Without such request, an exception to the ruling of the court only brings up the question of law based on such assumption of fact.

William M. Mallory sued the defendants to recover compensation for the transportation of certain property, appertaining to the construction of the defendants' road, in the year 1852, and it was alleged that these services were performed for and at the request of the defendants. Issue having been joined, the case came on for trial before the Steuben circuit in February, 1860, and judgment was rendered for the plaintiff. Upon the trial the following features were disclosed:

From 1846 to 1852, the plaintiff was in possession of and operating a railroad between Blossburg, in Pennsylvania, and Corning, New York. The services for which a recovery was sought, and which consisted of the transportation of iron rails, chairs, spikes, and cross ties, to be used in rebuilding the road of the defendant, were alleged to have been performed in the summer of 1852. It was not denied that such services had been performed by the plaintiff; but it was claimed on the part of the defense that they had been rendered for certain con-tractors, and the defendants were not liable therefor. It was ruled on the trial that the plaintiff was entitled to recover only for the transportation and distribution of the ties, and the questions relating to this were submitted to the jury.

The evidence whether the ties were carried for the defendants or other parties was conflicting; the testimony of the plaintiff showing that the service was done at the request of Ryerss, Colket and Guernsey, who were president, director and general agent respectively of the defendants' road, and the latter testifying that they had made no arrangement with the plaintiff for performing the work in question.

It also appeared that the plaintiff, prior to April 7, 1852, had operated the defendants' road under written contracts, which were on that day terminated. On that day a new arrangement was entered into, by the terms of which one Bostwick was at liberty to run the defendants' road until notice given to surrender the same, for the sum of twenty-five dollars per day. It was also stipulated that, when the defendants should terminate the lease by notice, the road should be used thereafter for transporting their railroad iron, chairs and spikes; the defendants to pay for, or load and unload the supplies at their own expense, and that the plaintiff, by way of compensation for such transportation, should have the use of the road, without cost, while it was so being used in carrying and distributing the iron.

From the evidence it appeared that the plaintiff did, during the summer of 1852, perform service in transporting the ties, &c., over the road of the defendants, and the agreement of April 7, 1852, was terminated June 14, 1852, by a notice to Bostwick and Mallory to deliver possession of the road to the defendants.

The questions relative to the amount of service performed by the plaintiff in the transportation of ties, which he had not been paid for, and whether such service was performed for the defendant or other parties, were submitted to the jury, who found for the plaintiff.

*The supreme court,* at general term, affirmed this judgment, whereupon defendants appealed to this court.

*John H. Reynolds,* for defendants, appellants;—Cited, 2 *R. S.* 296, § 23; *Code,* § 95; Sickles *v.* Mather, 20 *Wend.* 72; Chamberlin *v.* Cuyler, 9 *Id.* 125; Edmonstone *v.* Thomson, 15 *Id.* 554; Green *v.* Ames, 14 *N. Y.* (4 *Kern.*) 225.

*George T. Spencer,* for plaintiff, respondent;—Cited, 44 *Barb.* 636; Van Rensselaer *v.* Jewett, 2 *N. Y.* (2 *Comst.*) 135; Oldfield *v.* N. Y. & Harlem R. R. Co., 14 *N. Y.* (4 *Kern.*) 310; Olcott *v.* Tioga R. R. Co., 20 *N. Y.* 210; Dows *v.* Rush, 28 *Barb.* 180; Nolton *v.* Moses, 3 *Id.* 31; Barnes *v.* Perrin, 12 *N. Y.* (2 *Kern.*), 22, 23; People *v.* Cook, 8 *N. Y.* (4 *Seld.*) 78; 2 *R. S.* 354, § 18; Green *v.* Ames, 14 *N. Y.* (4 *Kern.*) 225, 231; Reynolds *v.* Lansford, 16 *Tex.* 294; Hopkins *v.* Wright, 17 *Id.* 30; 19 *U. S. Dig.* 469; Levering *v.* Rittenhouse, 4 *Whart.* 130; Coulter *v.* Repplier, 15 *Pa.* (3 *Harr.*) 208; Ruggles *v.* Keeler, 3 *Johns.* 263; Chappel *v.* Durston, 1 *Cromp. & Jervis,* 1; Holly *v.* Rabb, 12 *Rich.* (*S. C.*) 185; Walker *v.* Clements, 9 *Eng. L. & Eq.* 332; 1 *Chitty Pl.* 575; *Ang. on Limitations,* 78; *Buller N. P.* 180; Van Alen *v.* Schermerhorn, 14 *How. Pr.* 287; *Code,* 74, 246, 153; Martin *v.* Williams, 17 *Johns.* 330; Cockle *v.* Underwood, 1 *Abb. Pr.* 1; S. C., 12 *N. Y. Leg. Obs.* 283; S. R. R. Co. *v.* Ward, 18 *Barb.* 595; Rees *v.* Van Patten, 13 *How. Pr.* 258; Hart *v.* Rens. & Saratoga R. R. Co., 8 *N. Y.* (4 *Seld.*) 37; Caldwell *v.* Murphy, 11 *N. Y.* (1 *Kern.*) 416; Decker *v.* Mathews, 12 *Id.* (3 *Kern.*) 313; Robinson *v.* N. Y. & E. R. R. Co., 27 *Barb.* 512; Magee *v.* Badger, 30 *Id.* 246.

BOCKES, J.—The plaintiff claimed to recover in this action for transporting and distributing cross ties, iron rails, chairs, and spikes, along the line of defendants' road, intended for use in its reparation. But the justice at the trial limited the right of recovery to the transportation and delivery of cross ties only, holding that the rails, chairs, and spikes were transported and distributed under an agreement with the plaintiff and Bostwick, that that service was to be without charge, in consideration of the free use of the defendants' road during the period of transportation.

The question now is, whether the recovery by the plaintiff for the transportation and distribution of the ties can be sustained. At the close of the evidence the defendants' counsel requested the court to direct a verdict for the defendants, on the ground that the evidence was insufficient to enable the court or jury to determine the extent or amount of plaintiff's claim for services; and also asked the court to rule that the plaintiff's claim was barred by the statute of limitations.

The learned judge before whom the trial was conducted properly declined compliance with these requests. The point in regard to the statute of limitations is not now urged. It seems that the services were rendered in June, July and August, 1852, and this action was commenced July 17, 1858, less than six years from the termination of the services. Besides, the defendants are a foreign corporation, and consequently cannot avail themselves of the statute of limitations. Olcott *v.* Tioga R. R. Co., 20 *N. Y.* 210.

Nor could the judge have properly directed a verdict for the defendants on the ground that the evidence was insufficient to enable the court or jury to determine the extent or amount of the claim. There was evidence that the plaintiff performed the services and also evidence as to their value. The extent of the services, and the amount to be allowed, therefore, were subjects for the consideration of the jury. In such case the court can neither nonsuit the plaintiff nor direct a verdict for the defendants. Van Rensselaer *v.* Jewett, 2 *N. Y.* (2 *Comst.*) 135.

There was evidence given, showing that the transportation of the rails, chairs and spikes was provided for in a lease of the road to Bostwick and the plaintiff, wherein it was agreed that the transportation of those articles was to be without charge, in consideration of the use of the road during the period of transportation.

The contract of lease was evidenced by a letter from the president of the road to Bostwick and Mallory, and an indorsement thereon by Bostwick. The defendants' counsel offered to prove the term of the lease by parol. This was excluded on the ground that the agreement appeared to be in writing. The letter and the indorsement thereon should be read together. The letter had been put in evidence, and carried with it the indorsement, which, in the absence of any explanatory proof, must be deemed to constitute a part of the paper on which it was written; especially as it related in direct terms thereto, bore the same date, and purported to be a material and substantial part of it. Read together, the papers evidenced a perfect contract, the terms of which of course could not be contradicted or varied by parol proof. The offer was, therefore, properly overruled.

The purpose of the evidence offered doubtless was, although not stated, to show that it was agreed that the ties, as well as the rails, chairs and spikes, were to be transported without charge. If so, it was an attempt to introduce into the written contract a new condition, changing its import and effect in a very material sense—hence inadmissible.

In regard to the defendants' set-off, the learned judge held that the evidence showed that the claim was settled, or if not settled, that it was barred by the statute of limitations.

There was evidence tending to prove, if not definitely and clearly proving, that the defendant's claim interposed as a set-off was settled. The judge assumed, when called upon to speak on that subject, that the fact stood proved.

If dissatisfied with such assumption, the party should have requested to have that question submitted to the jury. In the absence of such request, the party will be deemed to have acquiesced in the assumption of facts stated by the court. Barnes *v.* Perine, 12 *N. Y.* (2 *Kern.*), 18, 23 ; People *v.* Cook, 8 *N. Y.* (4 *Seld.*) 78; Dows *v.* Rush, 28 *Barb.* 157, 180; Nolton *v.* Moses, 3 *Barb.* 31 ; Winchell *v.* Hicks, 18 *N. Y.* 558. If dissatisfied with the conclusion of fact stated by the judge, the party should ask to have the question submitted to the jury Without such request, an exception to the ruling of the court only brings up the question of law based on his assumption of fact.

As the case is here presented, it must be deemed to be an accepted fact, as stated by the judge, that the defendant's claim for set-off had been settled; hence it could not be allowed in this action. I will add, however, that the facts proved fully justified the conclusion expressed by the learned judge on the trial, and it is equally clear that the claim was barred by the statute of limitations.

But the views above expressed render further examination of the case unnecessary.

The judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.